Alden J. Parker *(pending Pro Hac Vice)*
Email: aparker@fisherphillips.com
Chris Alvarez *(pending Pro Hac Vice)*
Email: calvarez@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone:     916.210.0400
Facsimile:     916.210.0401
*Counsel for Defendant*

Kara Heikkila, ISB No. 8090
Email: kheikkila@hawleytroxell.com
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
Boise, ID 83702
Telephone:     208.344.6000
Facsimile:     208.954.5929
*Local Counsel for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILFRIED LEAMMON,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SUMMIT FUNDING, INC., a California corporation,<br><br>　　　Defendant. | Case No. _____<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 |

NOTICE OF REMOVAL OF ACTION - 1

49004.0001.8528818.1

FPDOCS 32401656.1

TO PLAINTIFF WILFRIED LEAMMON AND HIS COUNSEL OF RECORD AND THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO AND CLERK THEREOF:

PLEASE TAKE NOTICE THAT Defendant Summit Funding, Inc., through its counsel of record, hereby submits this Notice for Removal ("Notice") to remove this action from the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada to the United States District Court for the District of Idaho. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this Notice is based on diversity of citizenship, as follows:

1.      On November 2, 2016, Plaintiff Wilfried Leammon filed a civil complaint against Defendant in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, entitled *Wilfried Leammon v. Summit Funding, Inc.*, Case No. CV01-16-20381 ("Complaint"). The Complaint alleges the following three causes of action: (1) wrongful discharge in violation of public policy; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. *See* Declaration of Alden J. Parker ("Parker Decl."), **Exh. A** (Complaint and Demand for Jury Trial).

2.      On November 4, 2016, Defendant was served with the Summons and Complaint. *See id.*, **Exh. C** (Affidavit of Service).

3.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint in this action served upon Defendant are attached hereto as **Exhibits A and B** to the Declaration of Alden J. Parker. **Exhibit A** (Complaint), **Exhibit B** (Summons), **Exhibit C** (Affidavit of Service), and **Exhibit D** (Register of Actions) constitute all process, pleadings, and orders served upon and known by Defendant to exist in this action.

NOTICE OF REMOVAL OF ACTION - 2

4.      Defendant has not yet answered or otherwise responded to Plaintiffs' Complaint and, in accordance with 28 U.S.C. § 1446(b), this Notice is filed with the above-entitled Court within thirty days after service of the Summons and Complaint upon Defendant setting forth the claim for relief upon which this civil action is based. Thus, this Notice is timely filed. *See* Parker Decl., **Exhs. A-C**.

5.      In accordance with 28 U.S.C. § 1446(d), promptly after the filing this Notice with the above-entitled Court, Defendant will give written notice thereof to all adverse parties (i.e., Plaintiff) and will file a copy of this Notice with the Clerk of the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada.

6.      Proof of Service of the Notice to the Clerk of the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court immediately. *See* Parker Decl., at ¶ 7.

## I.

## JURISDICTION

### THERE IS DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

7.      This Court has original jurisdiction over this action under 28 U.S.C. section 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this action may be removed to this Court by Defendants under 28 U.S.C. §§ 1332(b) and 1441(b).

8.      For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).

NOTICE OF REMOVAL OF ACTION - 3

For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir. 1986).

9.      Plaintiff alleges he is, and was, at all material times, a resident of Ada County, Idaho. *See* Parker Decl., **Exh. A** (Complaint ¶ 1). Plaintiff alleges his injuries occurred in the State of Idaho. *See id.* (citing Idaho Code Ann. § 5-514, which provides Idaho courts have jurisdiction over actions within the state). As such, Plaintiff resides and is domiciled in the State of Idaho.

10.     Defendant, is now, and was at the time this action was commenced, a citizen of the State of California, within the meaning of 28 U.S.C. § 1332(c)(1), because it is now, and was at all material times, incorporated under the laws of the State of California, and maintains, and at all material times has maintained, its principal place of business and headquarters in the State of California. *See* Christopher K. Camara Declaration ("Camara Decl."), at ¶¶ 5-7; *see also* Parker Decl., **Exh. A** (Complaint ¶ 2).

11.     Accordingly, this Court has jurisdiction in this matter based on the diversity of citizenship.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12.     Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a) (2012). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the

NOTICE OF REMOVAL OF ACTION - 4

time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (stating defendant's right to remove "was to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217-218 (3d Cir. 1999), ("[T]he amount in controversy is measured as of the date of removal, a practice similar to that in original jurisdiction suits where the inquiry is directed to the time when the complaint is filed."), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). The "amount in controversy" requirement is satisfied by setting forth, in the notice of removal, underlying facts supporting defendant's assertion that the amount in controversy exceeds $75,000.00. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

13.    The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that Plaintiff seeks to recover more than $75,000 in this action, exclusive of interest and costs. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d at 683; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). If Plaintiff's Complaint actually alleges damages in excess of $75,000.00, the inquiry need go no further:

> The district court determines whether defendant has met this burden by first considering whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied. . . . Jurisdictional facts are assessed on the basis of plaintiff's complaint at the time of removal. 28 U.S.C. § 1441. "[A] plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938). By choosing to overplead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court.

NOTICE OF REMOVAL OF ACTION - 5

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

14.    "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is appropriate first to examine Plaintiff's Complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, although Defendant denies any liability as to Plaintiff's claims, even an extremely low estimate of what Plaintiff could recover would result in an overall recovery far exceeding $75,000.00 if a jury ruled any of his three causes of action in his favor.

15.    The claims and allegations in the Complaint make it clear that the amount in controversy "more likely than not" exceeds $75,000.00. First, Plaintiff alleges he "suffered damages in excess of $100,000.00" in each of his three causes of action. *See* Parker Decl., **Exh. A** (Complaint ¶¶ 18, 26, 31). Second, Plaintiff seeks judgment against Defendant for damages of "not less than $100,000.00," among other things. *See id.* (Complaint, Prayer for Relief).

16.    Plaintiff also seeks attorneys' fees and costs. *See id.*, **Exh. A** (Complaint ¶¶ 20, 27, 32, Prayer for Relief). Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *Guglielmino v. McKee Foods*

NOTICE OF REMOVAL OF ACTION - 6

*Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). Even assuming Plaintiff's counsel is extremely efficient, Plaintiff's counsel would more than likely incur more than $75,000.00 if they litigated this case through pleadings, discovery, motions, pre-trial, and trial.

17.     Accordingly, Plaintiff seeks damages in excess of $75,000.00, and this action is properly removed to this Court.

## II.

## VENUE

18.     The District Court of the Fourth Judicial District of the State of Idaho for the County of Ada is located within the jurisdiction of the United States District Court for the District of Idaho. Because this action is pending in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, the United States District Court for the District of Idaho is the proper forum for removal of this state court action. *See* 28 U.S.C. §§ 84(b), 1441(a).

19.     In filing this Notice, Defendant does not waive any available defenses.

WHEREFORE, based on the foregoing, Defendant hereby removes the above-entitled action now pending in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada to this Court.

DATED THIS 5th day of December, 2016.

FISHER & PHILLIPS LLP


By  /s/ *Alden J. Parker*_____
    Alden J. Parker
    Lead Counsel for Defendant
    *Pro Hac Vice*

    Chris Alvarez
    Counsel for Defendant
    *Pro Hac Vice*


DATED THIS 5th day of December, 2016.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By  /s/ *Kara Heikkila*_____
    Kara Heikkila, ISB No. 8090
    Local Counsel for Defendant

NOTICE OF REMOVAL OF ACTION - 8

49004.0001.8528818.1

FPDOCS 32401656.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2016, I electronically filed the foregoing NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeff R. Sykes                                    sykes@mwsslawyers.com

Chad M. Nicholson                               nicholson@mwsslawyers.com


                              /s/ *Kara Heikkila*
                         Kara Heikkila


NOTICE OF REMOVAL OF ACTION - 9

49004.0001.8528818.1

FPDOCS 32401656.1