Alden J. Parker *(pending Pro Hac Vice)*
Email: aparker@fisherphillips.com
Chris Alvarez *(pending Pro Hac Vice)*
Email: calvarez@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone:    916.210.0400
Facsimile:    916.210.0401
*Counsel for Defendant*

Kara Heikkila, ISB No. 8090
Email: kheikkila@hawleytroxell.com
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
Boise, ID 83702
Telephone:    208.344.6000
Facsimile:    208.954.5929
*Local Counsel for Defendant*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILFRIED LEAMMON,<br><br>          Plaintiff,<br><br>vs.<br><br>SUMMIT FUNDING, INC., a California corporation,<br><br>          Defendant. | Case No. _____<br><br>DECLARATION OF ALDEN J. PARKER IN SUPPORT OF DEFENDANT SUMMIT FUNDING, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 |

I, Alden J. Parker, hereby declare:

1.      I am over the age of eighteen and am a partner with Fisher & Phillips LLP, attorneys of record for Defendant Summit Funding, Inc. in the above-captioned case. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

DECLARATION OF ALDEN J. PARKER - 1

49004.0001.8528810.1

2.      I make this Declaration in support of Defendant's Notice of Removal under 28 U.S.C. §§ 1332, 1441 and 1446. All of the information set forth herein are based on my personal and first-hand knowledge except where indicated.

3.      Attached hereto as **Exhibit A** are true and correct copy of the Complaint and Demand for Jury Trial in the above-entitled case served on Defendant.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons in the above-entitled case served on Defendant.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Affidavit of Service in the above-entitled case served on Defendant.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the state court Register of Actions.

7.      Proof of Service of the Notice to the Clerk of the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court shortly after the state court filings and service upon the adverse party are accomplished.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 5th, 2016, at Sacramento, California.


_/s/ Alden J. Parker_____
ALDEN J. PARKER


DECLARATION OF ALDEN J. PARKER - 2

49004.0001.8528810.1

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of December, 2016, I electronically filed the foregoing DECLARATION OF ALDEN J. PARKER IN SUPPORT OF DEFENDANT SUMMIT FUNDING, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeff R. Sykes                              sykes@mwsslawyers.com

Chad M. Nicholson                    nicholson@mwsslawyers.com


_____/s/ *Kara Heikkila*_____
Kara Heikkila

DECLARATION OF ALDEN J. PARKER - 3

49004.0001.8528810.1

FPDOCS 32401659.1

# EXHIBIT

# A

Electronically Filed
11/2/2016 2:13:06 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Jeff R. Sykes, ISB #5058
Chad M. Nicholson, ISB #7506
McCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park Blvd., Suite 201
Boise, Idaho 83702
Telephone:  208.489.0100
Facsimile:  208.489.0110
sykes@mwsslawyers.com
nicholson@mwsslawyers.com

Attorneys For Plaintiff Wilfried Leammon

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| WILFRIED LEAMMON,<br><br>                          Plaintiff,<br><br>vs.<br><br>SUMMIT  FUNDING,  INC.,  a  California corporation;<br><br>                          Defendant. | **Case No.**  CV01-16-20381<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL**<br><br>Fee Category: A<br>Fee:     $221.00 |

**COMES  NOW,** Plaintiff Wilfried Leammon, by and through his counsel of record, Chad M. Nicholson of McConnell Wagner Sykes & Stacey, PLLC, and for cause of action against Defendant Summit Funding, Inc., alleges as follows:

### PARTIES

1.      At all times referenced herein Plaintiff Wilfried Leammon ("Leammon") was and is a resident of Ada County, Idaho.

2.      At all times material hereto, Defendant Summit Funding, Inc. ("Summit"), was and is a corporation organized under the laws of the State of California whose residence is believed to be in Sacramento County and who is authorized to do and does business in the State of Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this district, since the Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705 and personal jurisdiction over Summit pursuant to Idaho Code § 5-514.

4.      Venue is proper in Ada County pursuant to Idaho Code § 5-404 since Summit does not reside in the State of Idaho and Leammon has chosen to file suit in Ada County.

## GENERAL ALLEGATIONS

5.      Leammon became employed with Summit as a Branch Manager in or about October 2013.

6.      In or about June of 2015, Leammon discovered that Sara Jorgensen ("Jorgensen"), a loan officer at Leammon's branch who engaged in residential mortgage loan origination activities, had requested that a loan officer at Guild Mortgage company originate and process loans on Jorgensen's behalf while Jorgensen transitioned from Summit to Guild Mortgage.

7.      In or about June of 2015, Leammon also discovered forged documents and believed that Jorgensen was the individual who had forged the documents.

8.      Leammon reported Jorgensen's use of Guild Mortgage to originate and process loans and suspected forgery to Leammon's supervisor, Chris Lee ("Lee"). Leammon advised Lee that Leammon believed Jorgensen's conduct to be unlawful and that Jorgensen should be fired (hereafter the "Report").

9.      Summit, *via* Lee, refused to allow Leammon to fire Jorgensen and following the Report, Summit, *via* Lee, became hostile to Leammon and retaliated against Leammon by changing Leammon's working conditions in an unfavorable manner.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 2

10.     Following Leammon's Report, Summit created a working environment that was so hostile no reasonable employee would continue working under such conditions and constructively discharged Leammon on or about November 15, 2015.

### COUNT I: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY.

11.     Leammon reincorporates the information set forth in Paragraphs 1 through 10 as if set forth herein.

12.     An important public policy recognized by Idaho State common law is that an employer may not retaliate against an employee who reports unlawful acts.

13.     Title 12 Code of Federal Regulations § 1007.103(a), which implements provisions of the Secure and Fair Enforcement for Mortgage Licensing Act of 2008, requires that mortgage loan originators register with the National Mortgage Licensing Systems and Registry ("Registry") and that "[a] covered financial institution must not permit an employee who is subject to the registration requirements of this part to act as a mortgage loan originator for the covered financial institution unless such employee is registered with the Registry pursuant to this part."

14.     Part 3 of the Idaho Residential Mortgage Practices Act, Idaho Code § 26-31-301 *et seq.* ("IRMPA") requires that a person shall not engage in the business of a mortgage loan originator unless licensed to do so through the Idaho Department of Finance.

15.     The IRMPA makes it unlawful for any person, in connection with mortgage loan origination activities, to engage in the following activities:

    a.      to "[d]irectly or indirectly employ any scheme, device or artifice to defraud or mislead borrowers or lenders or to defraud any person;"

    b.      to "[e]ngage in any unfair or deceptive practice;"

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3**

c.    to "[b]e employed simultaneously by more than one (1) mortgage broker or mortgage lender licensed or required to be licensed under part 2" of the IRMPA; or

d.    to "[e]nter into concurrent contractual relationships for delivery of mortgage loan origination services to more than one (1) mortgage broker or mortgage lender licensed or required to be licensed under part 2 of" the IRMPA[.]"

16.    Idaho Code § 18-3601 makes it unlawful to forge the signature of another on loan documentation.

17.    Summit's retaliation and constructive discharge of Leammon because Leammon reported violations of the above mentioned statutes and regulation(s) constituted a material breach of the aforementioned recognized and established public policies.

18.    As a direct and proximate result of Summit's breach of public policy, Leammon has suffered damages in excess of $100,000.00 to be proven with specificity at trial. ·

19.    Summit's conduct as alleged herein was reckless and willful constituting an extreme deviation from reasonable standards of care.

20.    Leammon is entitled to recover his attorneys' fees and costs incurred in pursuing this matter pursuant to Idaho Code §§ 12-120 and 12-121.

21.    Leammon hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

### *COUNT II: BREACH OF CONTRACT.*

22.    Leammon reincorporates the information set forth in Paragraphs 1 through 21 as if set forth herein.

23.    Leammon's employment with Summit included a promise not to retaliate against Leammon for the reporting of violations of law and/or for honest discussions of workplace issues.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 4**

24.     Leammon fully performed his duties and obligations under the terms of his employment contract.

25.     Summit's retaliation and constructive discharge of Leammon for reporting violations of the aforementioned statutes and regulations and honestly and openly discussing such issues constitute material breaches of his employment contract with Summit.

26.     As a direct and proximate result of Summit's breach of contract, Leammon has suffered damages in excess of $100,000.00 to be proven with specificity at trial.

27.     Leammon is entitled to recover his attorneys' fees and costs incurred in pursuing this matter pursuant to Idaho Code §§ 12-120 and 12-121.

### COUNT III: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

28.     Leammon reincorporates the information set forth in Paragraphs 1 through 27 as if set forth herein.

29.     The employment relationship between Leammon and Summit included an implied covenant of good faith and fair dealing by both parties.

30.     By retaliating against and constructively discharging Leammon for reporting violations of federal and state law, Summit substantially nullified benefits to which Leammon was entitled under the employment relationship, and thereby breached the implied covenant of good faith and fair dealing.

31.     As a result of Summit's breach of the implied covenant of good faith and fair dealing, Leammon has suffered damages in an amount exceeding $100,000.00, to be proven with specificity at trial.

32.     Leammon is entitled to recover his attorneys fees and costs incurred in pursuing this matter pursuant to Idaho Code § § 12-120 and 12-121.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5**

. 33.    Leammon hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38(a) and 38(b) of the Idaho Rules of Civil Procedure, Leammon hereby demands a trial by a jury of not less than twelve (12) persons on all issues raised in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Leammon prays for judgment against Defendants as follows:

A.    For an amount to be proven at trial, but not less than $100,000.00, plus interest thereon at the maximum rate allowed by law, for damages incurred as a result of Summit's constructive discharge of Leammon in violation of Idaho public policy, breach of contract and breach of the implied covenant of good faith and fair dealing;

B.    For attorney's fees and costs incurred in pursuing this matter pursuant to Idaho Code §§ 12-120 and 12-121; and

C.    For such other and further legal and equitable relief as the Court deems just and proper.

**DATED** this 2nd day of November, 2016.

McCONNELL WAGNER SYKES & STACEY PLLC

BY: _____
Chad M. Nicholson
Attorneys for Plaintiff Wilfried Leammon

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6**

# EXHIBIT

# B

Electronically Filed
11/2/2016 2:13:06 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katee Hysell, Deputy Clerk

Jeff R. Sykes, ISB #5058
Chad M. Nicholson, ISB #7506
McCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park Blvd., Suite 201
Boise, Idaho 83702
Telephone:  208.489.0100
Facsimile:   208.489.0110
sykes@mwsslawyers.com
nicholson@mwsslawyers.com

Attorneys For Plaintiff Wilfried Leammon

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| WILFRIED LEAMMON,<br><br>                Plaintiff,<br><br>vs.<br><br>SUMMIT FUNDING, INC., a California corporation;<br><br>                Defendant. | Case No. CV01-16-20381<br><br>**SUMMONS** |

**NOTICE:    YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO:    DEFENDANTS ABOVE-NAMED, and each of them.**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court at 200 W. Front Street, Boise, Idaho 83702, 208-287-6900 within 20 days after service of this Summons on you.  If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint and Demand for Jury Trial.

A copy of the Complaint and Demand for Jury Trial is served with this Summons.  If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

**SUMMONS - Page 1**

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.      The title and number of this case.

2.      If your response is an Answer to the Complaint and Demand for Jury Trial, it must contain admissions or denials of the separate allegations of the Complaint and Demand for Jury Trial and other defenses you may claim.

3.      Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.      Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.

11/2/2016 2:13:06 PM

**DATED** this _____ day of November 2016.



CLERK OF THE DISTRICT COURT
CHRISTOPHER D. RICH

By:  _____

Deputy Clerk

SUMMONS - Page 2

# EXHIBIT

# C

Electronically Filed
11/8/2016 10:32:00 AM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Laurie Johnson, Deputy Clerk

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

Wilfried Leammon

Plaintiff(s):

vs.

Summit Funding, Inc.

Defendant(s):

**AFFIDAVIT OF SERVICE**

Case Number: CV01-16-20381

For:
McConnell Wagner Sykes & Stacey, PLLC
827 E. Park Blvd., Ste. 201
Boise, ID 83712

STATE OF IDAHO          )
                        :ss
COUNTY OF ADA           )

Received by Tri-County Process Serving LLC on November 3, 2016 to be served on **SUMMIT FUNDING, INC.**

I, Shannon Roesbery, who being duly sworn, depose and say that on Friday, November 4, 2016, at 8:12 AM, I:

**SERVED** the within named **Summit Funding, Inc.** by delivering a true copy of the **Summons, Complaint and Demand for a Jury Trial** to Veronica Shipley of Business Filings Incorporated, Registered Agent for Summit Funding, Inc., a person authorized to accept service on behalf of Summit Funding, Inc. Said service was effected at **921 S. Orchard St., Ste. G, Boise, ID 83705**.

I hereby acknowledge that I am a Process Server in the county in which service was effected. I am over the age of Eighteen years and not a party to the action.

Our Reference Number: 156236
Client Reference: Jeff R. Sykes

Subscribed and sworn before me today
Monday, November 7, 2016

**TRI-COUNTY PROCESS SERVING LLC**
P.O. Box 1224
Boise, ID, 83701
(208) 344-4132

Notary Public for the State of Idaho
Residing at Boise, Idaho
My Commission Expires on April 20th, 2021

# EXHIBIT

# D

## Case Information

CV01-16-20381 | Wilfried Leammon Plaintiff, vs. Summit Funding, Inc., Defendant.

| Case Number | Court | File Date |
|---|---|---|
| CV01-16-20381 | Ada County District Court | 11/02/2016 |

| Case Type | Case Status |
|---|---|
| AA- All Initial District Court Filings (Not E, F, and H1) | Active - Pending |

## Party

Plaintiff
Leammon, Wilfried

Active Attorneys ▾
Lead Attorney
Nicholson, Chad Matthew
Retained

Defendant
Summit Funding, Inc.,

## Events and Hearings

| |
|---|
| 11/02/2016 Initiating Document - District |
| 11/02/2016 Complaint Filed |
| 11/02/2016 Summons Issued |
| 11/03/2016 Summons ▾ |
| 11/08/2016 Affidavit |

## Financial

Leammon, Wilfried

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $221.00 |
| | Total Payments and Credits | | | $221.00 |
| 11/3/2016 | Transaction Assessment | | | $221.00 |
| 11/3/2016 | EFile Payment | Receipt # 29211-2016-R01 | Leammon, Wilfried | ($221.00) |